Isidor Wasservogel, Spec. Ref.
Plaintiff, a limited partner, seeks a dissolution of a domestic limited partnership known as *458 “American Investors Company,” an accounting of its affairs and an injunction prohibiting the defendant George A. Chestnutt, Jr., the sole general partner, from further reducing his capital in the partnership.
American Investors Company was formed on August 21,1951, to engage in the business of furnishing investment information and advice. This was done principally through the publication by it of surveys, analyses and investment reports which were sent to subscribers and clients. It is plaintiff’s contention that, since 1957, defendant George A. Chestnutt, Jr. (hereinafter referred to as “Chestnutt”) has willfully and persistently breached the partnership agreement and has otherwise so conducted himself in matters relating to the partnership business that it is not reasonably practicable to carry on or to continue the partnership. Three other limited partners, have joined plaintiff in the prayer for relief he. seeks in this, action. Two limited partners have taken no position in this dispute. The remaining four partners of the company, namely, the defendants Chestnutt, his mother, Edna Chestnutt, Sabel and Caplin oppose a dissolution of the partnership venture as proposed by plaintiff and, in addition to denying plaintiff’s assertions, have set forth in their answer, by way of affirmative defenses, a claim that several of the limited partners’ contributions to the partnership are tainted with usury,, an allegation that plaintiff has consented to and ratified the acts of which he now complains, estoppel and laches.
The record supports plaintiff’s contention that since 1957 Chestnutt has used funds of this partnership to engage in activities which are not within the scope of the partnership agreement. The proof adduced upon the trial shows that, using-partnership funds in an amount exceeding* $35,000, Chestnutt caused a “ mutual fund ” corporation to be formed for the sale of securities to the public. Contrary to defendants’ contention, while the giving of investment advice is authorized, by the terms of the partnership agreement here involved, nothing in such agreement can reasonably be construed to permit the formation, operation or promotion of a corporation which sells all of its stock directly to the investing public. Moreover, Chestnutt caused the partnership to provide the “ mutual fund ” corporation with office space, light, heat, equipment and the use of partnership employees. The effect of this unauthorized corporate enterprise is that the partnership, without any reciprocal benefit, pays practically all of the corporation’s overhead and selling expenses in addition to giving it investment advice for its customers. It is significant that although Chestnutt has *459 caused the partnership to expend more than $35,000 in behalf of the corporation, as above noted, the partnership itself owns no stock in the mutual fund corporation nor does it control its activities. Thus, Ohestnutt has improperly used partnership funds to build up a valuable asset from which the partnership does not benefit. In the opinion of the court, this improper and unauthorized activity on the part of Ohestnutt is sufficient cause to grant the relief plaintiff seeks in this action.
There are other acts, however, perpetrated by Ohestnutt which further necessitate the dissolution of the partnership. The credible testimony and documentary evidence establish that Ohestnutt (1) did not keep proper or complete books of account; (2) improperly withdrew part of his capital from the partnership, thereby reducing its funds to a point where there is a consequent danger of insolvency; (3) engaged in business activities and in speculation in securities prohibited by the terms of the partnership agreement; (4) attempted to admit another partner in the firm without giving the required notice and the privilege to exercise certain option rights to the other partners of American Investors Company; and (5) refused to pay William IT. Moore, one of the partners, the compensation due him as provided for in the partnership agreement.
All of the above acts of Ohestnutt constitute conduct which prejudicially affects the carrying on of the partnership venture. They are so serious and damaging to the other partners that a judicial dissolution of the partnership is clearly warranted (Partnership Law, § 63, subd. 1, pars, [c], [d], [f]; Cahill v. Haff, 248 N. Y. 377, 382; Matter of Pivot Punch & Die Corp., 15 Misc 2d 713; Miseveth v. Pribishuk, 85 N. Y. S. 2d 595, 596; Rosenstein v. Weiser, 73 N. Y. S. 2d 402, 404-405).
Although defendants have set forth an affirmative defense of usury, nothing in their answer alleges that plaintiff was guilty of this practice. He, therefore, is not barred from the relief sought here on this ground regardless of whether the defense is applicable to any of the other partners. In any event, an examination of the record indicates that there is no proof of usury on anyone’s part. Ohestnutt’s contention that the partnership interests of the partners Low and both Messrs. Moore are tainted with usury is specious. Usury applies only to loans or forebearance of money and has no application to a limited partner’s contribution of capital (Orvis v. Curtiss, 157 N. Y. 657, 661-662; Meaker v. Fiero, 145 N. Y. 165). Nothing in the partnership agreement provides for an absolute obligation on anyone’s part to repay any capital contribution by any partner. In the absence of such provision, there is no basis for converting *460 these capital investments into a loan. The provisions for the priority of the various limited partners in the event of a dissolution or other termination of the partnership, likewise, do not serve to change the capital contributions into loans within the meaning and intent of the usury statutes. In the opinion of the court, the unwarranted and unfounded charge of usury by Chestnutt is but one more reason which indicates the impossibility of continuing the partnership. The relation of partners should be one of trust, faith, fidelity, loyalty and confidence. When these characteristics cease, the true partnership is at an end (see Matter of Pivot Punch & Die Corp., supra).
Defendants’ other affirmative defenses of consent, ratification, estoppel and laches are without merit. Certainly there is no laches here, for many of the acts complained of by plaintiff are continuing to date. Plaintiff, therefore, is clearly entitled to a judicial dissolution of the partnership, an accounting of its affairs, and the continuation of the injunction prohibiting Chestnutt from further impairing or reducing his capital in the partnership pending the final determination of this action.
Interlocutory judgment is rendered accordingly in favor of plaintiff. The interlocutory decree to be submitted herein shall provide for application by counsel at Special Term for the appointment of a Referee to take and state the account as heretofore indicated by this court to counsel in a conference in chambers.
Submit interlocutory decree within 10 days on 3 days’ notice.
The above constitutes the decision of the court as required by the applicable provisions of the Civil Practice Act.