## CIRCUIT COURT OF ARLINGTON COUNTY

Tranthem

    v.

Hiss

November 23, 1970

Case No. (Law) 13879

By JUDGE CHARLES S. RUSSELL

It appears to me that the note in suit was payable only upon a contingency, according to the agreement of the parties. The contingency was that the town council of Manassas would fail to grant the rezoning application which the parties had submitted, prior to the due date of the note. In the event the rezoning were granted, then the agreement of the parties was that the note would be of no further force and effect but that the plaintiff would have a 40% interest in the project, Mr. Horton would have 40% and Mr. Hiss the remaining 20%. There was necessarily inherent in this arrangement a possibility that the plaintiff would have to share losses as well as profits according to the agreed ratio, and accordingly the agreement contemplated a partnership. There thus existed three possibilities from the plaintiff's point of view:

1. That the zoning application would fail and that the note would be payable;

2. That the zoning would be granted, that the venture would be as profitable as anticipated and that the plaintiff would receive 40% of a figure in the neighborhood of $50,000.00; and

3. That the rezoning would be granted, thus vitiating the note, but that the anticipated profit might not be realized for any of a number of conceivable reasons, possibly subjecting the plaintiff to a loss.

Because of this third possibility, in my view the plaintiff's arrangement with the defendant was a contract hazarding principal and was thus not subject to the usury laws. *Orvis* v. *Curtiss*, 157 N.Y. 657, 52 N.E. 690. Also compare cases cited in the annotation at 16 A.L.R.3d 475.

At the hearing, the Court found that the former usury law, if any, applied to this transaction rather than the statutes now in effect, and further found that the note was not given by a Real Estate Investment Trust.

Counsel for the plaintiff should prepare an order entering judgment on the note according to its terms with interest, costs and 15% attorney's fee.