McCAIN, Justice.
This cause is before us on petition for writ of certiorari to review an order of the District Court of Appeal, Third District, reported at 269 So.2d 762, which conflicts with Hector Supply Co. v. Carter, 122 So. 2d 22 (Fla.App. 3rd, 1960). We have jurisdiction pursuant to Fla.Const., Article V, Section 3(b) (3), F.S.A. (1973).[1]
On June 23, 1972, the appellant (petitioner here and plaintiff in the trial court) filed his notice of appeal in the District Court of Appeal, Third District, from an adverse judgment of the Circuit Court of Dade County. Difficulties in the prosecution of the appeal arose when, on September 23, 1972, appellee filed his brief on the merits with the District Court prior to the submission of appellant’s brief. At the time of filing his brief, however, appellee made no motion to dismiss the appeal for failure of appellant to submit a brief.
On October 19, 1972, appellee moved to dismiss because of appellant’s failure to comply with Rule 3.7, subd. a, F.A.R., 32 F.S.A. Thereupon, on November 2, 1972, appellant filed a motion for leave to file his brief and explain his delay with supporting affidavits. Both motions were heard by the Court on November 13, 1972, at which time appellant filed his brief at the Court’s suggestion.
On November 17, 1972, the District Court entered its order denying appellant’s motion for leave to file his brief and granted, appellee’s motion to dismiss. Cer-tiorari to this Court followed.
In the case cited for conflict, Hector Supply Co. v. Carter, supra, appellant filed a brief which failed to conform to the requirements of Rule 3.7, subd. f(4), F.A.R. Subsequently, appellee filed his brief and in it also argued that the appeal should be dismissed because of appellant’s failure to conform to the appellate rules. The District Court concluded that the motion to dismiss was untimely, observing:
". . . No motion was presented to this court to require the appellant to file a brief in conformity with the rules or suffer a dismissal of its appeal. The ap-pellee chose to wait until the filing of his brief and therein argued that the appeal should be affirmed because of the violation of the rule. Such an objection is untimely.”
A similar situation exists in the instant case. Sub judice, appellee filed his brief on September 23, 1972 but made no motion to dismiss until nearly a month later. In these circumstances, it is our judgment that the objection was untimely and that the District Court abused its discretion in dismissing the appeal.
Accordingly, certiorari is granted, the order of the District Court of Appeal, Third District, is quashed and the cause remanded to that Court with directions that the appeal be reinstated.
It is so ordered.
ERVIN, Acting C. J, and ADKINS and DEKLE, JJ., concur.
BOYD, J., dissents.

. Under the new Article V, this Court may review by certiorari any decision of a district court of appeal “that is in direct conflict with a decision of any district court of appeal or of the supreme court on the same question of law. . . . ” Fla.Const. Article V, Section 3(b) (3) (1973).