305 So.2d 753 (1974)
Saul GOODMAN, Petitioner,
v.
Richard H. OLSEN, Respondent.
No. 45356.
Supreme Court of Florida.
November 7, 1974.
Rehearing Denied January 29, 1975.
*754 Leo Greenfield of the Law Offices of Leo Greenfield, North Miami, and Frank Ragano, Tampa, for petitioner.
John W. Prunty, of Prunty, Ross, DeLoach & Olsen, Miami, for respondent.
McCAIN, Justice.
This cause is before the Court on a petition for writ of certiorari. We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
The respondent, Olsen, an attorney from Florida, prepared and executed an agreement in New York in which he stated that as per a "joint venture" the petitioner, Goodman, was to advance the sum of $300,000 for the purchase of 50,000 shares of stock in Omega Equities, Incorporated, $150,000 of which was characterized as a loan to Olsen. Under the terms of the agreement, Goodman was to own 25,000 shares and Olsen was to own the other 25,000 shares which he pledged as collateral on the loan.
Olsen agreed to repay the $150,000 by a stipulated date, and further agreed to purchase the petitioner's 25,000 shares at $10.00 per share in the event that Goodman desired to sell on or before a stipulated date. In addition, Olsen agreed that in the event that he failed to pay the stipulated purchase price, he would be liable for any sum up to $10.00 per share upon the sale of Goodman's shares.
After the execution of this agreement by Olsen, Goodman gave Olsen a check in the amount of $300,000 and Olsen purchased the stock. Olsen had repaid approximately $60,000 of the $150,000 when this action was commenced in Dade County, Florida.
Goodman filed suit seeking not only the $90,000 balance remaining on the loan but further sought damages for breach of contract for failing to buy back the 25,000 shares of stock at $10.00 per share. Olsen defended by alleging that he had refused to buy back the stock only after he was advised that the contract was usurious.
The jury returned a verdict in favor of Olsen and upon appeal to the District Court of Appeal, Third District, that judgment was affirmed per curiam.
Before determining whether any error has been committed, it is first necessary to determine whether the Florida or New York usury statute is applicable. Then the agreement must be scrutinized to determine, under that choice of law, whether the agreement is usurious, and finally, if necessary, what remedies are applicable.
As to the first question, concerning the choice of law this Court in Wingold v. Horowitz, 292 So.2d 585, 586 (1974), citing *755 from Brown v. Case, 80 Fla. 703, 86 So. 684 (1920), stated:
"The rule thus laid down by the Supreme Court of the United States was recognized by the Supreme Court of Florida as early as 1856.
"[1] `The general principle adopted by civilized nations is, that the nature, validity and interpretation of contracts, are to be governed by the lex loci of the country where the contracts are made or are to be performed; but the remedies are to be governed by the lex fori.' Perry v. Lewis, 6 Fla. 555."
Therefore, it is necessary to ascertain whether the agreement is usurious under the New York usury statute, since the validity of the agreement is governed by the lex loci contractus.
The general rule in New York is that a loan is usurious where the lender is entitled to the return of the principal and the full legal rate of interest plus a bonus to be paid upon a contingency over which the borrower has no control. This contingent right to a bonus must be something of value and when added to the maximum interest results in a total interest in excess of the legal rate. Webster v. Roe, 212 App.Div. 756, 210 N.Y.S. 366 (1925); aff'd, 241 N.Y. 570, 150 N.E. 559 (N.Y. 1925); Moore v. Plaza Commercial Corp., 9 A.D.2d 223, 192 N.Y.S.2d 770 (1959), aff'd, 8 N.Y.2d 813, 202 N.Y.S.2d 321, 168 N.E.2d 390 (N.Y. 1960); et seq.
However, an agreement to pay an amount which may be more or less than the legal interest, depending upon a reasonable contingency, is not ipso facto usurious, because of the possibility that more than the legal interest will be paid. Hartley v. Eagle Ins. Co., 222 N.Y. 178, 118 N.E. 622 (1918); In re Bechtoldt's Estate, 159 Misc. 725, 289 N.Y.S. 838 (Surr.Ct., Clinton Co., 1936).
Additionally, a loan has been deemed not usurious where the money is in fact advanced for the purpose of a joint venture (Salter v. Havivi, 30 Misc.2d 251, 215 N.Y.S.2d 913 (Sup.Ct., N.Y. Co., 1961) or where there is no certainty that the bonus plus the stipulated interest will exceed the legally allowable rate of interest. Richardson v. Hughitt, 76 N.Y. 55 (1879); Cusick v. Ifshin, 70 Misc.2d 564, 334 N.Y.S.2d 106, aff'd, 73 Misc.2d 127, 341 N.Y.S.2d 280 (Sup.Ct.App.Term, 1973).
Under the terms of the written agreement, sub judice, the statement that the agreement is a "joint venture" is not absolutely determinative of the issue, although this language contained in the agreement is an important factor to be considered in the determination of its character. The answer lies in the intent of the parties rather than the choice of language.
Notwithstanding, it is clear from the intent of the parties as reflected in their actions after the consummation of the agreement, that the parties intended a "joint venture", that is: to carry out a single business enterprise for profit, for which purpose they combined their money, efforts and skills. The record clearly shows that Goodman was or had been a banker, had money, was interested in profitable investments and had been previously associated with Olsen, who had expertise in business administration and corporate acquisitions. Additionally, Olsen initially brought to the attention of Goodman the possibility of acquisition of the Omega stock for a profitable investment.
The facts of this case are analogous with those in Orvis v. Curtiss, 157 N.Y. 657, 52 N.E. 690 (1899), rev'g 12 Misc. 434 (Dist.Ct.N.Y.City 1895). In the Orvis case, H. Comes to S. and represents: The business of trading in old, rare musical instruments is a very lucrative one but it takes a lot of capital which I do not have. You have the money and I have the know-how, setup and contacts. I am asking you to come into business with me. I guarantee that you won't lose anything. You will *756 first be repaid every cent you advance with 6% interest, and when the last item of our collection is sold, after first deducting the legitimate expenses, we will split the net profits.
Under this fact situation, the Court in Orvis held that these facts defined a partnership or joint venture and that the defense of usury was not applicable.
The only variance in the case at bar is that in addition to the Orvis minimum factors, Olsen made additional guarantees in order to induce Goodman to consummate the agreement.
Albeit, even assuming arguendo that the agreement under review was not a joint venture under New York law, the fact that the purchase-back clause, with only the possibility of damage to Olsen, created a contingency. As such, there was no certainty that the bonus to Goodman would accrue. For example, if Olsen had repaid his $150,000 and the stock increased in value, then Olsen would not have been indebted to Goodman for anything. Indeed, Olsen would have been "home free and ahead of the game." Hence, the agreement can not within reason be considered usurious. See: Cusick v. Ifshin, supra.
Finally, the last factor indicating that the parties anticipated a joint venture when they consummated the agreement is that the loan to Olsen of the $150,000 was interest free; indicating that Goodman intended to derive any and all gain not from his partner (unless the venture possibly failed) but rather from the strength of their investment.
Therefore, under the cited New York authorities, the acceptance of the interposition of the defense of usury and instructions to the jury thereon in this action tried in Florida was error.
Since the defense of usury in the trial of this cause went to the heart of the action, and since the determination of the issues and liabilities of the parties are primarily questions of fact (with the assumption there are or may be defenses other than usury to be interposed), the cause is hereby reversed and remanded for a new trial.
It is so ordered.
ADKINS, C.J., and ROBERTS, ERVIN and BOYD, JJ., concur.
OVERTON, J., dissents with opinion.
OVERTON, Justice (dissenting).
In my opinion, jurisdiction has been improperly granted. There is no conflict. I would discharge the writ and affirm the Circuit Court and the Third District Court of Appeal.