365 So.2d 393 (1978)
Saul GOODMAN, Appellant,
v.
Richard H. OLSEN, Appellee.
No. 77-1663.
District Court of Appeal of Florida, Third District.
November 21, 1978.
Rehearing Denied January 10, 1979.
*394 Leo Greenfield, North Miami, for appellant.
John W. Prunty, Miller & Vogelsang, Miami, for appellee.
Before PEARSON, BARKDULL and KEHOE, JJ.
KEHOE, Judge.
This is a cross-appeal by the defendant from a partial summary judgment in favor of the plaintiff in an action for a debt and for damages for breach of contract. The controlling issue is whether or not an appellate decision, which reversed prior judgments in favor of defendant by holding that the trial court erred in accepting a usury defense, but which did not treat with particularity certain facts underlying the defense, must be considered the law of the case so as to bar assertion of the defense on retrial. We conclude that the prior decision does preclude acceptance of the defense of usury on retrial, and affirm the judgment of the trial court.
The case emanates from an agreement executed in New York in 1968 between Saul Goodman, cross-appellee, and Richard H. Olsen, cross-appellant. Olsen, an attorney, prepared a written agreement which provided that Goodman was to advance the sum of $300,000 for the purchase of 50,000 shares of stock. Of this sum, $150,000 was a loan to Olsen, the borrowed funds to be used by him to purchase 25,000 shares of the stock which he would own. The remaining $150,000 was to be used to purchase 25,000 shares for Goodman.
The agreement provided that the loan to Olsen was to be repaid within a specified time and that the lender, Goodman, had the right to require Olsen to purchase all of Goodman's stock at $10.00 a share by the end of 1969. No interest on the loan was stipulated in the agreement.
Olsen accepted Goodman's check for $300,000 and immediately used it to purchase the stock. He then returned to Miami. The following day, he received a phone call from Goodman who stated that he had stopped payment on the check and would only permit the check to clear if Olsen rebated $25,000 of the sum. After some negotiation, Olsen reduced Goodman's demand to $10,000 and wired him that amount.
After the maturity date of the loan, demands were made that Olsen repay the full $150,000. No acknowledgement of the receipt of the $10,000 was made. Olsen repaid another $50,000, and made no more payments.
In 1970, Goodman filed suit in two counts: Count I demanding repayment of the loan[1] and Count II demanding damages for Olsen's failure to purchase Goodman's stock. By his amended answers to Goodman's claims, Olsen represented that he had remitted the $10,000 extracted by Goodman as advance interest, but did not state with particularity the conditions under which the rebate was made. The principal defense interposed by Olsen was that the transaction was usurious under the applicable New York law, and therefore the agreement was unenforceable.[2]
After a trial, the jury rendered a verdict in favor of Olsen and a judgment thereon was executed. The verdict and judgment were subsequently affirmed by this court. Goodman v. Olsen, 291 So.2d 71 (Fla. 3d DCA 1974). However, this court's decision was quashed by the Supreme Court of Florida, and the cause was remanded for a new trial. Goodman v. Olsen, 305 So.2d 753 (Fla. 1974). The court, through Justice McCain, held that it was error to allow the interposition of the defense of usury, a defense which "went to the heart of the action," and therefore the cause was to be *395 retried on the assumption that other defenses might be interposed. 305 So.2d 753 at 756.
Upon return of the case to the trial court, Goodman filed a motion for summary judgment. The trial court rendered a "partial summary judgment" as to Count I of the two count amended complaint, the claim for a balance due on the debt.[3] Trial was had on Count II, the claim for damages for failure to purchase the stock, and a jury returned a verdict in favor of Olsen. Following the trial on Count II, the court entered final judgment for Goodman on Count I and for Olsen on Count II. This appeal by Olsen is from the adverse summary final judgment on Count I.[4]
Although cross-appellant subdivides the central issue into three separate assertions of error, all devolve about the core question of whether or not the opinion rendered by the supreme court evinces sufficient consideration of Olsen's contention that the $10,000 rebate was usurious, per se, under New York law, to make the holding of the court the law of the case so as to bar the interposition of this particular assertion of the defense of usury upon retrial. Olsen's argument is that, since the supreme court opinion never specifically alluded to the facts underlying this assertion of usury per se, and since the court concerned itself "solely and completely" with the transaction as set forth in the written agreement which did not reveal the rebate, the court never actually decided that a defense of usury predicated on this occurrence was precluded.
Olsen is correct in his assertion that the supreme court opinion did not treat, specifically, the claim that the $10,000 rebate was usurious per se under New York law. However, the opinion reveals that the court did not concern itself solely with the written agreement. The decision alludes to the actions of the parties after the consummation of the agreement:
"[I]t is clear from the intent of the parties as reflected in their actions after the consummation of the agreement, that the parties intended a `joint venture,' that is: *396 to carry out a single business enterprise for profit, for which purpose they combined their money, efforts and skills."
305 So.2d 753 at 755. In summation, the court stated:
"[U]nder the cited New York authorities, the acceptance of the interposition of the defense of usury and instructions to the jury thereon in this action tried in Florida was error.
Since the defense of usury in the trial of this cause went to the heart of the action, and since the determination of the issues and liabilities of the parties are primarily questions of fact (with the assumption there are or may be defenses other than usury to be interposed), the cause is hereby reversed and remanded for a new trial."
305 So.2d 753 at 756.
Although it is not abundantly clear, it appears that the basis for the holding is two-pronged: 1) The transaction was a joint venture, and New York law bars the application of the defense of usury to joint ventures; and 2) Because it depended upon a contingency, the transaction could not be usurious under New York law.
The complete record was before the supreme court. We must assume that all pertinent facts of record were taken into consideration. Rogers v. State, 156 Fla. 161, 23 So.2d 154 (Fla. 1945). Additionally, Olsen reargued the question of usury per se based on the rebate in both his petition for rehearing to the supreme court and his petition for a constitutional writ in aid of jurisdiction. See footnote 4, supra.
The facts remain unchanged, and whether or not we agree with the conclusions reached, this court is without authority to alter either conclusions of fact or interpretations of law reached by the supreme court. But cf. Strazzulla v. Hendrick, 177 So.2d 1 (Fla. 1965); Schempp v. Schempp, 339 So.2d 672 (Fla. 1st DCA 1976). (An appellate court which rendered the decision which has become the law of the case has the power to reconsider and correct its own decision.)
When an appellate court reverses prior decisions, the judgment of reversal is not necessarily an adjudication of anything but the questions discussed and decided. Florida East Coast Ry. Co. v. Geiger, 66 Fla. 582, 64 So. 238 (1914); Sax Enterprises, Inc. v. David And Dash, Inc., 107 So.2d 612 (Fla. 1958). But when a point which was not discussed in an appellate opinion is necessarily determined by the opinion, the doctrine of law of the case is applicable. Sanders v. State, 82 Fla. 498, 90 So. 455 (1921); Rogers v. State, supra.
It is not without difficulty that we decide the opinion of the supreme court necessarily adjudicated Olsen's right to present the specific defense of usury he urges herein. At first blush, it might appear that the opinion only dealt with Count II of the complaint, the buy-back arrangement. But repeated readings of the crucial decision, particularly the portions quoted above, lead to the conclusion that the omnibus language of the opinion "covers the field," and leaves no room for an interpretation which does not deny cross-appellant the right to interpose any defense of usury at all.
The decision of the Supreme Court of Florida, Goodman v. Olsen, 305 So.2d 753 (1974), is the law of this case. The various assertions of error urged by cross-appellant must be rejected. The trial court correctly interpreted the mandate of the supreme court when it barred the interposition of a usury defense on Count I of the amended complaint and rendered summary judgment on the issue of the balance due on the debt.
Affirmed.
BARKDULL, Judge, dissenting.
I dissent. The opinion of the Supreme Court of Florida, reported as Goodman v. Olsen, 305 So.2d 753 (Fla. 1974), clearly shows that the contract they were referring to was the "buy back" agreement and that this constituted a joint venture to which the defense of usury did not lie. However, the Supreme Court clearly did not apply this principle to the loan because the opinion, at *397 page 756, says that the loan was "interest free". In this opinion, no mention was made of the $10,000.00 payment. The following references in the opinion could only apply to the "buy back" agreement:
* * * * * *
"Goodman filed suit seeking not only the $90,000.00 balance remaining on the loan but further sought damages for breach of contract for failing to buy back the 25,000 shares of stock at $10.00 per share. Olsen defended by alleging that he had refused to buy back the stock only after he was advised that the contract was usurious." [emphasis added]
* * * * * *
"The facts of this case are analogous with those in Orvis v. Curtiss, 157 N.Y. 657, 52 N.E. 690 (1899), rev'd 12 Misc. 434 [33 N.Y.S. 589] (Dist.Ct.N.Y.City 1895). In the Orvis case, H. comes to S. and represents: The business of trading in old, rare musical instruments is a very lucrative one but it takes a lot of capital which I do not have. You have the money and I have the know-how, setup and contacts. I am asking you to come into business with me. I guarantee that you won't lose anything. You will first be repaid every cent you advance with 6% interest, and when the last item of our collection is sold, after first deducting the legitimate expenses, we will split the net profits. "Under this fact situation, the Court in Orvis held that these facts defined a partnership or joint venture and that the defense of usury was not applicable."
* * * * * *
"Albeit, even assuming arguendo that the agreement under review was not a joint venture under New York law, the fact that the purchase-back clause, with only the possibility of damage to Olsen, created a contingency. As such, there was no certainty that the bonus to Goodman would accrue. For example, if Olsen had repaid his $150,000 and the stock increased in value, then Olsen would not have been indebted to Goodman for anything. Indeed, Olsen would have been `home free and ahead of the game.' Hence, the agreement can not within reason be considered usurious. See: Cusick v. Ifshin [70 Misc.2d 564, 334 N.Y.S.2d 106, aff'd, 73 Misc.2d 127, 341 N.Y.S.2d 280], supra." [emphasis added]
* * * * * *
I would reverse the summary judgment and return the matter to the trial court for a trial on Count 1, whereby the trier of fact can determine if the $10,000.00 exacted was in fact as a bonus for the loan and, therefore, usurious.
NOTES
[1] The sum demanded in the first complaint was $100,000. In an amended complaint, the sum next demanded on this count was $150,000.
[2] Both sides agreed that New York law was applicable.
[3] By this time, Goodman had acknowledged receipt of $60,000 from Olsen, and the judgment was rendered for $90,000, plus interest, a total sum of $133,240.
[4] The precise appellate history of this case is a tangled web. After the initial trial of the cause, Goodman filed an appeal in this court which was dismissed for procedural reasons. Goodman v. Olsen, 269 So.2d 782 (Fla. 3d DCA 1972). He sought review of the dismissal in the Supreme Court of Florida. Certiorari was granted and the appeal was reinstated in an opinion authored by Justice McCain. Goodman v. Olsen, 278 So.2d 612 (Fla. 1973). On remand, this court affirmed the trial court judgment in favor of Olsen. Goodman v. Olsen, 291 So.2d 71 (Fla. 3d DCA 1974). Goodman again sought certiorari in the Supreme Court of Florida. Review was granted, and the opinion so crucial to this appeal was rendered, per Justice McCain. 305 So.2d 753 (Fla. 1974).

Olsen filed a petition for rehearing with the supreme court, contending, inter alia, that conflict jurisdiction did not exist, and that the court had failed to examine the record carefully relative to the $10,000 rebate. The petition for rehearing emphasized the court's failure to address this issue directly. Olsen's petition was denied.
He also sought review of the Florida supreme court opinion in the United States Supreme Court. Certiorari was denied. Olsen v. Goodman, 423 U.S. 839, 96 S.Ct. 68, 46 L.Ed.2d 58 (1975).
Pursuant to the opinion rendered by the Supreme Court of Florida, this court remanded the cause for retrial. Goodman v. Olsen, 307 So.2d 842 (Fla. 3d DCA 1975). Two interlocutory appeals filed by Olsen during the course of the second proceeding in the trial court were dismissed by this court. 321 So.2d 480 (Fla. 3d DCA 1975); 323 So.2d 64 (Fla. 3d DCA 1975). Subsequent to the dismissal of one of Olsen's interlocutory appeals, which questioned the correctness of the trial court's grant of partial summary judgment on Count I, Olsen filed a petition in the Supreme Court of Florida for a constitutional writ in aid of jurisdiction. This petition also delineated the circumstances under which Olsen was compelled to rebate the $10,000 and urged the Florida supreme court to clarify the meaning of its earlier opinion. The writ was denied.
Subsequent to the rendition of final judgment in the second trial of this cause, Goodman filed an appeal from the judgment rendered pursuant to the jury verdict on Count II, and Olsen cross-appealed from the partial summary judgment in favor of Goodman. Goodman's appeal was dismissed on March 7, 1978. Olsen's cross-appeal is the subject of this opinion.