BASKIN, Judge.
I.L.S. Corporation appeals a final judgment in favor of Jet Power, Inc. We reverse.
I.L.S., a New York corporation, entered into a sales representation agreement with Jet Power, a Florida corporation. The agreement provided that I.L.S. would serve as Jet Power’s sales representative with the Israeli government. Under the terms of the contract, I.L.S. was to receive a ten percent commission for all purchase orders it procured on Jet Power’s behalf.
One of the I.L.S. stockholders, Ofer Pail, was formerly an Israeli government employee at its Mission in New York City. I.L.S. was never employed by Israel. Israeli law prohibits payment of commissions to a former employee within two years of retirement and requires the former employee to secure a permit prior to receiving any commissions. Neither Pail nor I.L.S. obtained the required permits. Upon learning of the association between Jet Power and I.L.S., the Israeli government ceased ordering equipment from Jet Power. Consequently, Jet Power notified I.L.S. that it was terminating the contract. I.L.S. sued Jet Power to recover its unpaid commissions. As a defense, Jet Power raised the Israeli prohibition against retired employees earning commissions on the sale of arms to Israel. At the conclusion of the trial, the court entered a judgment in favor of Jet Power, finding that Jet Power had properly terminated the contract, and that I.L.S. was prohibited by Israeli law from receiving the commissions. I.L.S. filed its appeal.
Resolution of the question before us requires a determination of the applicable law. The agreement between Jet Power and I.L.S. was executed in the United States by a New York company and a Florida company: it was signed in New York by I.L.S. and in Florida by Jet Power. The agreement contemplated performance in the United States, where Israel makes its purchases. The “nature, validity and interpretation of contracts, are to be governed by the lex loci of the country where the contracts are made or are to be performed.” Goodman v. Olsen, 305 So.2d 753, 755 (Fla.1974); Jemco, Inc. v. United Parcel Service, Inc., 400 So.2d 499 (Fla. 3d DCA 1981).
The facts of this case lead to the conclusion that the trial court erred in determining that the law of Israel governs the agreement between I.L.S. and Jet Power. The final judgment states that the “Israeli purchase orders by their terms impose the law of Israel.” However, that finding ignores uncontroverted testimony that paragraph thirteen of the purchase orders between Jet Power and Israel provide that New York law governs the contract and that the purchase orders are contracts separate from the agreement between I.L.S. and Jet Power. The agreement before us was to be performed in the United States and should be interpreted under United States law. Even though Israeli law frustrated the agreement, thereby entitling Jet Power to terminate the agreement, I.L.S. is entitled to recover commissions for purchase orders it had procured on Jet Power’s behalf. Accordingly, we reverse and remand for a determination of the sums owed to I.L.S. for the purchase orders it secured for Jet Power and for entry of a judgment in favor of I.L.S.
Reversed and remanded.