SALTER, J.
Enrique Tettamanti and Maria Cristina Calvo appeal a circuit court order denying *357 their motion to vacate an earlier order granting recognition to an Argentine money judgment against them. Appellee, Op-cion S.A., was the plaintiff in Argentina (seeking collection of a promissory note issued by Tettamanti and Calvo) and is now the judgment creditor in both Argentina and Florida.
Tettamanti and Calvo previously and unsuccessfully appealed the order granting recognition to the final judgment entered in Argentina in 2007.[1] While that appeal was pending, they obtained from the Florida circuit court a stay of enforcement of that final judgment. Opción appealed the stay, and we vacated it.[2] In this third bite at the same apple, Tettamanti and Calvo moved the Florida circuit court to vacate the recognition judgment under Florida Rule of Civil Procedure 1.540 on the basis of a 2010 Argentine court order and letters rogatory (filed with the United States District Court for the Southern District of Florida) allegedly establishing that the underlying lawsuit in Argentina was not yet concluded. The Florida circuit court denied that motion, and this appeal followed. Analysis
As in the prior appeals involving these parties, Florida’s Uniform Out-of-Country Foreign Money-Judgment Recognition Act, sections 55.601-607, Florida Statutes (2008), is controlling. Recognition may be granted for a “judgment of a foreign state granting or denying recovery of a sum of money, other than a judgment for taxes, a fine, or other penalty,”[3] so long as the judgment is “final and conclusive and enforceable where rendered, even though an appeal therefrom is pending or is subject to appeal,”[4] and provided the Florida court does not find grounds for nonrecognition under sections 55.605 or 55.6055.[5]
Once recognition has been granted, the judgment is a Florida judgment and may be enforced in the same manner as any other Florida money judgment. The important distinction is that a post-recognition collateral attack on the judgment ordinarily should be directed to the foreign court rather than the Florida court. The collateral attacks presented by Tettamanti and Calvo in Florida in this most recent challenge claimed: (1) the Argentine judgment is not really final or enforceable in Argentina, based on more recent pronouncements by the Argentine court; (2) the judgments in both jurisdictions were based on fraud by Opción; and (8) the Florida judgment should not have converted the Argentine judgment debt from Argentine pesos to U.S. dollars at a rate of one to one.
Regarding the first of these arguments, the certified translations of the more recent court orders in Argentina and the letters rogatory issued by the court there do not instruct Opción to stop its Florida enforcement efforts. We appreciate the care a court in one country may take to avoid any inference of interference with the jurisdiction and discretion of a court in another country,[6] but the same *358 considerations of international comity do not in any way limit a presiding court’s power to control a litigant seeking relief before it. In the underlying case in Argentina, Opción is the plaintiff and judgment creditor. If it is the conclusion of the court in Argentina that Opción has no right to execute upon the Argentine judgment, or that the judgment there is not conclusive or final, the Argentine court can simply direct Opción to take no action in Florida to enforce the recognition judgment here. Alternatively, the Argentine court can issue a clear stay order[7] and Tettamanti and Calvo can ask the Florida trial court to recognize that order as a matter of common law comity.[8]
Tettamanti’s and Calvo’s second argument is that the Florida court should have vacated the recognition order based on fraud and misconduct by Opción. If the alleged fraud and misconduct consisted of forging or altering the judgment entered in Argentina in the course of seeking recognition in Florida, for example, a Florida court would certainly have authority to grant relief under Florida Rule of Civil Procedure 1.540(b). But in this case, Tet-tamanti and Calvo are attempting to re-raise issues (alleged payments to another entity for the account of Opción, for example) resolved adversely to them by the court in Argentina. Any attempt to vacate the findings on those points on the basis of alleged fraud should be directed to that court, not the Florida court.
Finally, Tettamanti and Calvo’s third argument — that the domesticated judgment should have been denominated in Argentine pesos rather than U.S. dollars — has already been adjudicated and rejected by this Court in the prior appeals. It is undisputed that the original indebtedness was incurred in U.S. dollars. The loan agreement required repayment in that currency. The Argentine judgment converted the debt from $236,900 to 236,-900 Argentine pesos because the then-prevailing and applicable conversion rate was one to one, as set forth in the Argentine judgment. In converting the recognized judgment into a Florida judgment, the circuit court properly restored the judgment debt to its original currency.[9] As noted, this Court affirmed the order of recognition, including that provision, in 2009.

*359
Conclusion

Tettamanti and Calvo have not raised any new argument or provided any definitive ruling by the Argentine court that precludes continued recognition and enforcement of the 2007 judgment in Florida. The Florida court is not a replacement or alternative forum for all post-judgment matters. In this case, proceedings to alter, amend, or vacate the judgment should be determined in the underlying case in Argentina.
Affirmed.

. Tettamanti v. Opcion Sociedad Anonima, 23 So.3d 727 (Fla. 3d DCA 2009).

. Tettamanti v. Opcion Sociedad Anonima, — So.3d - , 2009 WL 1212156 (Fla. 3d DCA 2009).

. § 55.602(2), Fla. Stat. (2008).

. § 55.603, Fla. Stat. (2008).

. Such grounds include, for example: a foreign court's failure to provide impartial tribunals or due process; a lack of jurisdiction over the subject matter; fraud; and a judgment based on an underlying cause of action repugnant to the public policy of Florida.

. In the present case, Tettamanti and Calvo also moved for an "interjudicial conference” by requesting leave to bring the presiding *358 judge in the case in Argentina to Miami for a hearing. The circuit court agreed with Op-cion that there was no need for such a conference and that Opcion’s entitlement to recognition of the judgment in Florida was the law of the case. See Goodman v. Olsen, 365 So.2d 393, 396 (Fla. 3d DCA 1978). The concept of direct, verbal cross-border judicial dialogue is intriguing, but the practical barriers posed by simultaneous translation, differing legal systems, participation by lawyers for each party and each country, and the uncertain appellate remedies, are daunting.

.A stay in Argentina pending an appeal of the existing judgment there is addressed by section 55.607 of the Recognition Act; that provision does not address a stay based on other considerations, such as a judicially-directed prior recourse to designated collateral before other execution is attempted.

. Nahar v. Nahar, 656 So.2d 225, 229 (Fla. 3d DCA 1995).

. As a practical matter, conversion of a foreign (international) judgment into U.S. dollars is appropriate. Collection in Florida through garnishment, execution, or other remedies is far more difficult when the garnishee or sheriff is asked to engage in currency conversions. Again, the court which entered the underlying judgment retains ultimate control to limit the total sum collected by the judgment creditor — in any and all countries in which collection occurs and net proceeds are applied to the original foreign judgment at the then-prevailing rates of exchange — to the judgment debt plus any applicable accruals or additions.