ROBERTS, Justice.
The plaintiff brought suit on the basis of quantum meruit for bedspreads sold to the defendant, and the defendant denied owing anything on the basis that the bedspreads ordered on specifications did not meet the specifications. The defendant, haying an urgent need for the items, used them on a temporary basis, but promptly notified the plaintiff they were substandard and not acceptable. There is abundant testimony in the record that the bedspreads were not up to specification. At the conclusion of the testimony the court made the following pronouncement: “I don’t think there is any defense here, even if the contract, assuming that without deciding, that the obligation of the plaintiff was to see that the spreads were made up in accordance with the specifications submitted; the acceptance and use of these bedspreads estops the defendant from now denying they are obligated to pay the purchase price thereof (Emphasis added.) The case having been tried without a jury, judgment was then entered in favor of the plaintiff and against the defendant for the full contract price of the spreads.
We have here a situation where the buyer-defendant received less than he ordered but more than nothing. The defendant’s temporary use under the existing conditions did not estop the defendant from denying it was obligated to pay the full purchase price. See 12 Am.Jur., Contracts, 3S7, stating:
“[Sec.] 357. * * * There is, however, authority for the proposition that the retention of the subject matter of a contract, such as portrait paintings, is not conclusive upon the question of whether there is such an acceptance as terminates the right to object. Not infrequently it happens that the subject matter of the contract is used or retained by the promisee because, under the exigencies of the case, he has no alternative. Notwithstanding he knows that the subject matter is not such as has been contracted for, the use or rentention thereof under the pressure of necessity, though it requires him to make compensation to the extent of the benefit actually received, is not such an acceptance as amounts to a waiver of the damages sustained because of the imperfect performance. * * * ” (Emphasis added.)
Since the case was tried by the court without a jury and therefore not having before us a jury charge, the theory upon which the trier of the law and facts decided the case becomes even more important. The trial court’s pronouncement that “the acceptance and use of these bedspreads estops the defendant from now denying they are obligated to pay the purchase price thereof’ was error. The proper rule under the circumstances here present was announced by this Court in Johnson v. Dichiara, 84 So.2d 537, 539. In that case the defendant had purchased an ice plant under a specification that it would produce six tons of marketable ice per day, and after installation and full testing the plant would only produce three tons of marketable ice per day. The seller demanded full price and the buyer refused to pay anything. There, as here, the buyer had received less than he ordered but more than nothing, and this Court held the buyer liable for “the fair value of the benefits received by the defendants as of the date of surrender to the defendants less the sum of $4,500 already paid on the contract; by benefits is meant what have the defendants gained; not what has the plaintiff lost. Or, stated differently, the chancellor should find and determine on a quantum meruit basis the value of the plant at the time of its delivery to the defendants, and the purchase price should be abated to such value.” Cf. McNeill v. Jack, Fla., 83 So.2d 704.
*423 The learned trial judge in entering his judgment in August, 1955 did not have the benefit of our ruling in Johnson v. Dichiara, filed in November 1955.
The judgment is reversed with direction for a new trial in accordance with the rule hereinabove announced.
TERRELL, C. J., HOBSON, DREW, THORNAL and O’CONNELL, JJ., and OGILVIE, Associate Justice, concur.