107 So.2d 612 (1958)
SAX ENTERPRISES, Inc., trading as Saxony Hotel, Appellant,
v.
DAVID AND DASH, Inc., a Florida corporation, Appellee.
Supreme Court of Florida.
December 17, 1958.
*613 Arthur D. Frishman, Miami Beach, and Weldon G. Starry, Tallahassee, for appellant.
Louis Jepeway and Jepeway & Dauber, Miami, for appellee.
PER CURIAM.
This appeal is before the court on transfer from the Third District Court of Appeal in accordance with Florida Appellate Rule 2.1, subd. a(5) (d), 31 F.S.A., and the decision of this court in Armenian Hotel Owners, Inc., v. Kulhanjian, Fla. 1957, 96 So.2d 896.
On the prior appeal this court reversed a money judgment in favor of plaintiff-appellee and remanded the cause for a new trial. Sax Enterprises, Inc., v. David & Dash, Inc., Fla. 1957, 92 So.2d 421. The plaintiff's suit had for its principal purpose the recovery of an amount allegedly paid by plaintiff to a third person ("Marcus" hereafter) at and for defendant's request and benefit, representing the cost of labor performed by Marcus in converting materials supplied by plaintiff into bedspreads for defendant. The trial judge entered judgment in favor of plaintiff for the full amount of the labor charge made by Marcus against plaintiff and allegedly paid by plaintiff to Marcus, despite the fact that the evidence showed that the bedspreads did not properly fit the beds in the defendant's hotel. This he did on the theory that by accepting and using the bedspreads the defendant was estopped to refuse to pay the "purchase price" thereof. As noted, this court reversed and remanded for a new trial.
After the going down of the mandate, the plaintiff-appellee moved for a summary judgment on the basis of an issue relating to the employment or agency relationships among plaintiff, defendant and Marcus. This issue was not clearly drawn by the pleadings, if at all, although the record shows that evidence relevant to such issue was adduced at the trial; however, the trial judge did not decide it because a ruling thereon was unnecessary in view of his ruling as to the impact of the doctrine of estoppel. Upon the basis of such motion and without further ado, the trial judge entered summary judgment in plaintiff's favor in the same amount as that awarded by the prior judgment. This appeal by defendant followed.
It might be noted that piecemeal review of cases is not favored by an appellate court, and care should be exercised by trial judges to avoid, so far as possible, the necessity for successive appeals. It is true, nonetheless, as contended by plaintiff-appellee, that a judgment of reversal is not necessarily an adjudication by the appellate court of any other than the questions in terms discussed and decided, see Florida East Coast R. Co. v. Geiger, 1914, 66 Fla. 582, 64 So. 238; if, however, a particular holding is implicit in the decision rendered, then it is no longer open for discussion or consideration. Sanders v. State ex rel. D'Alemberte, 1921, 82 Fla. 498, 90 So. 455.
On the former appeal it was apparent to this court that a genuine issue of fact existed with respect to the subject-matter of plaintiff's motion for summary judgment; and in directing the re-trial of the cause, rather than remanding "for further proceedings", it was implicit that this issue, along with the issue of damages and other unresolved issues of fact, should be *614 re-tried by the trier of the facts, after an appropriate amendment of the pleadings if deemed necessary.
Finding no justification in fact or in law, see the Restatement, Agency, §§ 1, 405, 406, for the entry of the judgment here reviewed, it is reversed and the cause remanded for further proceedings not inconsistent with the opinions expressed herein and in our former opinion, 92 So.2d 421.
Reversed and remanded.
TERRELL, C.J., and ROBERTS, DREW, THORNAL and O'CONNELL, JJ., concur.