375 So.2d 1109 (1979)
S/D ENTERPRISES, INC., Appellant,
v.
The CHASE MANHATTAN BANK, N.A., Appellee.
No. 78-1680.
District Court of Appeal of Florida, Third District.
September 25, 1979.
*1110 Alfred J. Anton, Miami, for appellant.
Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff and Albert G. Caruana, Miami, for appellee.
Before HENDRY, HUBBART and KEHOE, JJ.
HENDRY, Judge.
This appeal arrives here incident to an order entered after remand relating to our order and mandate in appellate case no. 76-1477.[1] The specific order appealed is the denial of a post-appeal motion for a money judgment. We affirm that order.
The original cause of action for damages in the trial court was filed by the appellant herein, S/D Enterprises, Inc., alleging failure by Chase Manhattan Bank to fund certain sums under various construction and loan agreements between the parties. Chase Manhattan counterclaimed for foreclosure of its mortgages. The trial court, as finder of fact and law, entered final judgment which concluded, inter alia, that Chase Manhattan had wrongfully breached the loan agreement by withholding certain sums for which an equitable lien was imposed against Chase Manhattan in favor of the creditors of S/D Enterprises; that Chase Manhattan be permitted to foreclose on the development, based upon S/D Enterprises' default under the mortgage terms; that a first priority charging lien on the equitable fund be imposed in favor of S/D Enterprises' attorney (this was by post-judgment order of the trial court). Chase Manhattan appealed and this court reversed the equitable lien on the basis that it was not supported by law; affirmed the foreclosure decree in favor of Chase Manhattan because it was based upon competent substantial evidence; found the charging lien issue to be moot, since no funds were in existence upon which the charging lien could be imposed. Thereafter S/D Enterprises filed in the trial court its motion for judgment in reference to mandate, seeking a money judgment for the undisbursed funds. It was denied, appeal ensued. S/D also filed a separate appeal from an order granting a deficiency judgment against it; this court affirmed the trial court order.[2]
S/D Enterprises contends that the trial court erred in failing to award a money judgment in its favor for the use and benefit of those whom the trial court originally determined should have been paid from the wrongfully withheld funds. We cannot so find, as this court reversed the equitable lien provision in case no. 76-1477 and stated at 133 and 134:
"Of all points raised by the parties in these consolidated appeals, we find that a discussion of the following point will be dispositive of the others, to-wit: whether the trial court erred in creating a $605,537.00 equitable lien on unpaid construction loan funds for the benefit of the creditors of appellee, S/D Enterprises, Inc. For the reasons that follow, we believe the court did so err...
"The pleadings filed sub judice do not allege any of the requisite factors necessary to support the imposition of an equitable lien ... rather, the claim was tried and judged upon a breach of contract count, i.e., failure to fund construction monies pursuant to the supplemental loan agreement, which in and of itself will not give rise to equitable relief in the form of the imposition of a lien."
This court's reversal of the equitable lien imposed by the trial court in favor of S/D Enterprises' creditors implicitly indicates that S/D Enterprises is not entitled to a money judgment; in fact, the language of the opinion clearly contradicts any argument that any of the parties to the cause are entitled to a money judgment against *1111 Chase Manhattan Bank. The court stated with reference to the charging lien, at 134:
"In that we have denied the imposition of an equitable lien on the unfunded portion of the construction loan, any questions concerning the correctness of a priority charging lien in favor of S/D Enterprises' attorney becomes moot, because there exists no funds upon which the charging lien can be imposed."
Therefore, the contention that appellant is entitled to a post-appeal money judgment is inconsistent with this court's prior opinion, since said opinion refers directly to there being "no funds" upon which a charging lien could attach. Accordingly, the trial court correctly applied this court's opinion and mandate in denying the appellant's post-appeal motion for money judgment. A prior judgment of reversal is not necessarily an adjudication by the appellate court of any points other than the questions in terms discussed and decided, but if, however, a particular holding is implicit in the decision rendered, it is no longer open for consideration. See Sax Enterprises v. David and Dash, 107 So.2d 612 (Fla. 1958) and Goodman v. Olsen, 365 So.2d 393 (Fla. 3d DCA 1979).
Accordingly, the order appealed is hereby affirmed.
NOTES
[1] Chase Manhattan Bank v. S/D Enterprises, Inc., 353 So.2d 131 (Fla. 3d DCA 1977).
[2] S/D Enterprises, Inc. v. Chase Manhattan Bank, 374 So.2d 1121 (Fla. 3d DCA 1979).