393 So.2d 1140 (1981)
Victor POSNER, Appellant,
v.
Richard S. FLINK, Appellee.
No. 80-471.
District Court of Appeal of Florida, Third District.
February 3, 1981.
Rehearing Denied March 4, 1981.
*1141 Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellant.
Podhurst, Orseck & Parks and Joel D. Eaton, Miami, for appellee.
Before HENDRY, NESBITT and FERGUSON, JJ.
PER CURIAM.
Appellant challenges the award to appellee of prejudgment interest, at a rate of ten percent, and the award of certain costs. We affirm the propriety of an award of prejudgment interest, but reverse on the rate awarded, and remand for recomputation of the proper award. Additionally, we reverse the cost award, and remand for evidentiary hearing.
In actions ex contractu, prejudgment interest is appropriately added to unliquidated damages where the trier of fact chooses to assess it. Cases cited in Plantation Key Developers, Inc. v. Colonial Mortgage Co. of Indiana, 589 F.2d 164, 170-71 (5th Cir.1979); contra, McCoy v. Rudd, 367 So.2d 1080 (Fla. 1st DCA), appeal dismissed, 370 So.2d 461 (Fla. 1979); Parker's Mechanical Contractors, Inc. v. East Point Water & Sewer District, 367 So.2d 665 (Fla. 1st DCA), cert. denied, 378 So.2d 347 (Fla. 1979).
If assessed, a rate of six percent is statutorily mandated. Chelsea Title & Guaranty Co. v. Turner, 389 So.2d 691 (Fla. 4th DCA 1980); § 687.01, Fla. Stat. (1979).
The court below awarded to appellees costs for professional fees submitted by his accountant, basing its post-judgment award solely on review of the record, and observation of the accountant's testimony and other presentation of evidence on the substantive issues made during trial. The failure to conduct an evidentiary hearing to determine reasonable expert witness fees constituted an abrogation of the court's statutory duty. See, § 92.231(2), Fla. Stat. (1979).
In all litigation involving professional fees proof is required of the nature of, and the necessity for, the services rendered, and the reasonableness of the charge made therefor.
* * * * * *
The reasonableness of the ... fee is not the subject of judicial notice, neither is it to be left to local custom, conjecture or guesswork. Each award must be made on its own merits and should be justified *1142 by the circumstances in each particular case.
Lyle v. Lyle, 167 So.2d 256, 257 (Fla. 2d DCA), cert. denied, 172 So.2d 601 (Fla. 1964); See Trustees of Cameron-Brown v. Tavormina, 385 So.2d 728, 730 (Fla. 3d DCA 1980) (quantum meruit, and not the bill, is the standard by which reasonability is determined in fee awards). (Although both these cases deal with attorneys' fee awards, we consider their holdings to be illuminating to our analysis of the facts sub judice).
We affirm in part, reverse in part, and remand for reassessment of the interest due appellee, using a six percent rate; and further remand for an evidentiary hearing at which competent evidence will be submitted to aid the court in the assessment against appellant of a reasonable fee for appellee's accountant's services, to be taxed as costs.
It is so ordered.