SHARP, Judge.
Dunham appeals from an order of the trial court dismissing Count I of her second amended complaint on the grounds that she had elected her remedy by participating in an administrative proceeding after this suit was filed, and that the court lacked jurisdiction over the subject matter. Count I alleged a cause of action against the Brevard County School Board for sex discrimination in employment under the Fair Labor Standards Act[1] of 1938 as amended 1977. In a prior appeal the Fourth District Court of Appeal held that state courts have concurrent jurisdiction to hear sex discrimination cases under this federal law,[2] and that the trial court erred in dismissing this cause of action.
That holding is the “law of this case.” Implicit in the mandate of the earli *889 er appeal is the holding that the complaint states a cause of action requiring a response from the appellee. No other grounds for motion to dismiss are thereafter appropriate. Sax Enterprises v. David and Dash, 107 So.2d 612 (Fla. 1958); S/D Enterprises v. Chase Manhattan Bank, 375 So.2d 1109 (Fla.3d DCA 1979); Goodman v. Olsen, 365 So.2d 393 (Fla.3d DCA 1978).
“Sovereign immunity” and “subject matter jurisdiction” were specifically argued to the trial court in the prior motion to dismiss and they were therefore settled adversely to appellee by the prior appeal. The “election of remedies” ground was available to the appellee for argument at the time of the prior dismissal, since the record shows Dunham had engaged in an administrative kind of hearing. It also should be barred.[3] But even if it were not, it would be inadequate because the jurisdiction to consider causes arising under the Fair Labor Standards Act is in the circuit courts, not administrative tribunals, by express statutory grant[4] and in addition, a violation of this law by “state action” presents constitutional issues which must be heard by circuit courts. Department of Transportation v. Morehouse, 350 So.2d 529 (Fla.3d DCA 1977).
REVERSED and REMANDED with directions for further proceedings in accordance with this opinion.
FRANK D. UPCHURCH, Jr., and CO-WART, JJ., concur.

. 29 U.S.C. § 206(d)(1).

. Dunham v. Brevard County School Board, 372 So.2d 516 (Fla. 4th DCA 1979).

. Fla.R.Civ.P. 1.140.

. Fair Labor Standards Act of 1938, 29 U.S.C. § 216 as amended 1977.