528 So.2d 484 (1988)
Sarosh S. DHONDY, Appellant,
v.
Charles S. SCHIMPELER, Carr Smith & Associates, Inc., Raymond Kaiser Engineers, Inc., Post Buckley, Shuh & Jernigan, Inc., Schimpeler-Corradino, P.S.C., and Harry Weese & Associates, Ltd., Appellees.
No. 87-1230.
District Court of Appeal of Florida, Third District.
July 12, 1988.
Alan Eichenbaum, Hollywood, for appellant.
Blackwell, Walker, Fascell & Hoehl and James E. Tribble, Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
PER CURIAM.
We reverse the final judgment assessing an expert witness fee against Sarosh Dhondy. The trial court erred in not affording *485 Dhondy a full evidentiary hearing on the reasonableness of the amount of the expert witness fee pursuant to this court's directive in Dhondy v. Schimpeler, 498 So.2d 641 (Fla. 3d DCA 1986).
A review of the various hearings held on the question of the expert witness fee of engineer John C. Pistorino reveals that Dhondy was never afforded his due process right to cross-examine Pistorino as to the reasonableness of his fee. See American Indem. Co. v. Comeau, 419 So.2d 670 (Fla. 5th DCA 1982); Posner v. Flink, 393 So.2d 1140 (Fla. 3d DCA), rev. denied, 402 So.2d 612 (Fla. 1981). Although the dissent maintains that Dhondy was able to question Pistorino sufficiently at the first evidentiary hearing, the transcript of that hearing reveals otherwise. Pistorino furnished no documentation of the amount of time expended. Indeed, he admitted that without his time sheets he could not provide an accurate statement of hours. Significantly, the time sheets were not produced at the first evidentiary hearing. In response to the trial court's request for a breakdown of his hours, Pistorino submitted an abbreviated affidavit in which he stated that he had devoted 74.5 hours to the case at an hourly rate of $85. The trial court rejected Dhondy's objection to the affidavit's "failure to establish the reasonableness of the fee" and assessed Pistorino's expert witness fee against Dhondy.
This court reversed the award in Dhondy and remanded the cause for an evidentiary hearing on the reasonableness of the fee. Pistorino did not appear at the second evidentiary hearing. In lieu of his testimony, his affidavit, merely reciting that a fee of $6,332.50 had been incurred by his expenditure of 74.5 hours at $85 per hour, was submitted. Engineer Bertram Warshaw, the only witness to testify at the second evidentiary hearing, stated that his review of the litigation file and the affidavit compelled his conclusion that Pistorino's quoted fee was reasonable. At the close of the hearing, Dhondy again objected to the absence of an opportunity to examine Pistorino as to the reasonableness of his fee. The trial court concluded that the fee was reasonable based upon Pistorino's affidavit and Warshaw's testimony.
We agree with Dhondy that the most recent evidentiary hearing did not comport with this court's directive in Dhondy. Neither did the latest hearing fulfill the evidentiary hearing standard established by American Indem. and Posner. The trial court erred in assessing Pistorino's fee based wholly on Pistorino's conclusory affidavit and Warshaw's testimony. See In re One 1972 Volvo Vehicle I.D. # XXXXXXXXXXXXX Florida Tag # NUE 848, 489 So.2d 1240 (Fla. 4th DCA 1986) (error to award attorney's fees to attorney who did not personally testify to services performed); Soundcrafters, Inc. v. Laird, 467 So.2d 480 (Fla. 5th DCA 1985) (trial court erred in permitting defendant's sole expert to testify to amount of fee incurred by way of affidavit where plaintiff objected to lack of opportunity to cross-examine expert). Cf. Insurance Co. of North America v. Julien P. Benjamin Equip. Co., 481 So.2d 511 (Fla. 1st DCA 1985) (trial court properly awarded attorney's fees on basis of affidavit by expert witnesses where opposing party did not object to use of affidavits). In this case, Dhondy repeatedly objected to the lack of opportunity for effective cross-examination.
Dhondy's claim that he is also entitled to cross-examine the expert witness regarding the necessity for his services is without merit. Dhondy raised the necessity issue in his prior appeal. In Dhondy, we expressly limited the evidentiary hearing to be held by the trial court to the question of the reasonableness of the witness's fee. By that restriction, we implicitly rejected the necessity argument. Our Dhondy opinion became the law of the case, thus precluding Dhondy from again presenting the necessity argument to this court. See Dunham v. Brevard County School Bd., 401 So.2d 888 (Fla. 5th DCA 1981); S/D Enters., Inc. v. Chase Manhattan Bank, N.A., 375 So.2d 1109 (Fla. 3d DCA 1979).
Accordingly, we reverse the final judgment and remand for further proceedings consistent with this opinion.
Reversed and remanded.
SCHWARTZ, C.J., and JORGENSON, J., concur.
*486 NESBITT, Judge (dissenting):
I respectfully dissent. I cannot accept the major premise of the majority which holds that the failure of an expert witness to personally appear and testify at the trial or evidentiary hearing in support of his fee automatically constitutes a deprivation of due process to the opposing party. Secondly, even accepting the premise, it is not applicable to the present case. We are not dealing here with a case where no evidentiary hearing was held as in American Indem. Co. v. Comeau, 419 So.2d 670 (Fla. 5th DCA 1982); Posner v. Flink, 393 So.2d 1140 (Fla. 3d DCA), review denied, 402 So.2d 612 (Fla. 1981); nor is this a case where the professional whose fee is at issue did not testify as in In re One 1972 Volvo Vehicle I.D. # XXXXXXXXXXXXX, Florida Tag # NUE 848, 489 So.2d 1240 (Fla. 4th DCA 1986). At the first hearing, appellant had an opportunity to cross-examine the expert witness. This court affirmed the necessity of his fee. After appeal and upon rehearing, a second expert witness testified that he considered the number of hours spent and the hourly rate of pay to be reasonable. Additionally, the affidavit of Mr. Pistorino was submitted. Based on this evidence, the trial judge could properly decide that the fee was reasonable. See Lafferty v. Lafferty, 413 So.2d 170, 171 (Fla. 2d DCA 1982). Such procedure amply complied with due process requirements.
I would affirm the trial court's decision.