ALLEN, Judge.
Provident Capital Indemnity, Ltd. (Provident) appeals from an order entered upon authority of sections 631.051 and 631.061, Florida Statutes (1993), by which the Department of Insurance (the department) was appointed as receiver of Provident’s property for purposes of liquidation. It is undisputed that Provident is an “alien” insurer (as opposed to a “domestic” or “foreign” insurer) as defined by section 624.06, Florida Statutes, that it was incorporated in Dominica, that it is not authorized to transact business anywhere in the United States, and that it has not been alleged to be the holder of trusteed assets in Florida. Provident argues that, in light of these undisputed facts, sections 631.051 and 631.061 provide no authority for entry of the order. Because we agree with Provident’s argument, and because the department has directed us to no other authority for the order, we reverse.
Section 631.051 authorizes the department upon specified grounds to “petition for an order directing it to rehabilitate a domestic insurer or an alien insurer domiciled in this state.... ” (Emphasis added.) And section 624.07(3) provides that the domicile of an alien insurer not authorized to transact insurance in the United States is “the country under the laws of which the insurer was formed.” Because Provident is an alien insurer not authorized to transact insurance in the United States, that was incorporated, and hence “formed,” under the laws of Dominica, Provident is domiciled in Dominica rather than Florida. Section 631.051 is therefore not applicable to Provident.
Section 631.061 permits the department upon specified grounds to “apply to the court for an order appointing it as receiver ... and directing it to liquidate the business of a domestic insurer or of the United States branch of an alien insurer having trusteed assets in this state.... ” (Emphasis added J This statute obviously provides no authority for entry of the order because Provident is not a domestic insurer and it has not been alleged to be the holder of trusteed assets in Florida.
The department having directed us to no other authority for the order, it is hereby reversed and this case is remanded.
DAVIS, J., and SMITH, Senior Judge, concur.