KAHN, Judge.
In Provident Capital Indemnity, Ltd. v. State, Department of Insurance, 654 So.2d 232 (Fla. 1st DCA 1995), this court reversed an order appointing the Department of Insurance (Department) as receiver of the property of Provident Capital Indemnity, Ltd. (Provident) for purposes of liquidation. The court found that such relief was not available against Provident, an alien insurer not domiciled in this state. Id. The opinion of the court did not, however, address in any manner a default previously entered by the circuit court against Provident. After remand, the Department amended its request for relief by fifing a petition for receivership for purposes of conservation. Provident moved to “dismiss and dissolve” the receivership and also moved to dismiss the Department’s petition for conservation. The circuit court denied both of these motions filed by Provident and granted the Department’s motion for entry of a conservation order. The circuit judge reasoned that although this court found that sections 631.051 and 631.061, Florida Statutes, “did not authorize the remedy of the order of liquidation, the appellate court did not disturb (the circuit) court’s *364 entry of a default as a discovery sanction against the respondent. The default entered was not set aside and is still valid.”
Provident asks this court to grant certiora-ri and quash the circuit court’s order refusing to dismiss and dissolve the receivership. Provident asserts that the default order was contained in the same order that improperly appointed the Department as receiver for purposes of liquidation. Provident therefore contends that because this court reversed the order, the default is no longer viable, and the Department is not now entitled to any remedy based upon the default.
The court’s earlier opinion did not address Provident’s contention, made in that case, that the circuit court improperly granted the default. “[A] judgment of reversal is not necessarily an adjudication by the appellate court of any other than the questions in terms discussed and decided ...; if, however, a particular holding is implicit in the decision rendered, then it is no longer open for discussion or consideration.” Sax Enters., Inc. v. David & Dash, 107 So.2d 612, 613 (Fla.1958); accord Ciffo v. Public Storage Management, Inc., 622 So.2d 1053, 1054 (Fla. 4th DCA 1993); S/D Enters., Inc. v. Chase Manhattan Bank, 375 So.2d 1109, 1111 (Fla. 3d DCA 1979). See also Shayne v. Saunders, 129 Fla. 355, 176 So. 495, 496 (1937) (“It is the duty of appellate courts to consider the assignments of error as presented by the brief ..., and it will be presumed, in the absence of contrary affirmative showing by certificate of the appellate court, that the court has performed its duty in this regard, and that where a case is affirmed no reversible error has been found by the court, and where it is reversed on a stated point, unless the contrary appear in the judgment or by certificate of the appellate court, it will be assumed that all other assignments of error have been examined and found to be without merit.” (emphasis added)).
Our reading of the decision in the earlier appeal leads us to conclude that this court considered only the question of the Department’s authority, pursuant to sections 631.051 and 631.061, Florida Statutes (1993), to obtain a receivership of Provident’s property for purposes of liquidation. Reversal of the default was not implicit in this court’s holding that these statutes do not allow the remedy of liquidation for a nondomiciled alien insurer.
The original circuit judge entered a default when Provident’s officers failed to appear for the depositions. The dissent suggests that these depositions could not have been, in any event, properly compelled, because the trial court did not have subject matter jurisdiction. Subject matter jurisdiction is not, however, a narrow concept. Rather, subject matter jurisdiction “concerns the power of the trial court to deal with a class of cases to which a particular case belongs.” Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179, 181 (Fla.1994). “It is the power lawfully conferred to deal with the general subject involved in the action. It does not depend upon the ultimate existence of a good cause of action in the plaintiff, in the particular case before the court.” Id. (quoting Malone v. Meres, 91 Fla. 709, 725, 109 So. 677, 683 (1926)). By statute, “[t]he circuit court (has) original jurisdiction of any delinquency proceeding under this chapter....” § 631.021, Fla. Stat. (1993). A delinquency proceeding encompasses “any proceeding commenced against an insurer pursuant to [Part 1, Chapter 631, Florida Statutes] for the purpose of liquidating, rehabilitating, reorganizing, or conserving such insurer.” § 631.011(5), Fla. Stat. (1993). Accordingly, the circuit court acquired, and never lost, subject matter jurisdiction over this delinquency proceeding, and the default survived our remand to the circuit court.
As the' circuit court recognized on remand, in the ease of an alien insurer with no trusteed assets in the state, the remedy available to the Department is conservation, not liquidation. See § 631.081, Fla. Stat. (1993). Provident’s petition for writ of cer-tiorari is therefore DENIED.
BARFIELD, C.J., and KAHN, J., concur.
DAVIS, J., dissents with Written Opinion.