DAVIS, Judge,
dissenting.
I respectfully dissent. In Provident Capital Indemnity, Ltd. v. State, Dep’t of Insurance, 654 So.2d 232 (Fla. 1st DCA 1995) *365 (Provident I), this court held that the Department of Insurance had proceeded in the trial court without authority, and reversed the order appointing the Department receiver for purposes of liquidation. Logically, if the Department had no statutory authority to bring the earlier action, the default which was entered in that action for alleged failures to conduct discovery could not survive the reversal in Provident I. Implicitly, this court also reversed the default, because we held in essence that the Department had no authority to take the depositions, seek to compel the attendance of Provident’s officers or to obtain a default for their failure to appear. In holding that the Department had proceeded below without statutory authority, this court necessarily held that the jurisdiction of the court was not invoked in the manner required by statute, and therefore the entire proceeding, including the default, was void. In my view, this case is governed by the precept that when a court “aet[s] without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void.” Malone v. Meres, 91 Fla. 709, 109 So. 677, 683 (1926). Therefore, I would vacate the default order and judgment entered by the trial court, reverse the order of conservation, reverse the denial of Provident’s motion to dismiss the receivership and remand for further proceedings on the merits of the Department’s current petition to be appointed receiver for purposes of conservation.