SHEVIN, Judge.
June Hood and Edward Hammatt, Jr., as trustees, and Sol Stiss, their attorney, appeal the trial court’s order awarding them $1 in fees. We reverse.
In Marvin and Kay Lichtman Foundation v. Estate of Marvin Lichtman, 773 *942 So.2d 1232, 1235 (Fla. 3d DCA 2000), this court stated that “while it is clear work was done by the trustees, there was no separate evidentiary basis for the trial court’s award of $50,000 fees to the two trustees. No testimony or documentary evidence supported the figure arrived at by the court. Likewise, without evidentia-ry basis was the award of $55,000 to Stiss, as attorney for trustees.” This court remanded for “a sufficient breakdown and allocation and apportionment of the work done in relation to the dual functions performed,” citing Dhondy v. Schimpeler, 528 So.2d 484 (Fla. 3d DCA 1988). Id. The Dhondy court remanded for an evidentia-ry hearing to determine a fee award.
Here, on remand, the trial court entered an order stating that it “has been unable to locate any additional facts or testimony other than that previously relied upon by the Court in making its initial awards. While the Court believes the trustees and their attorneys are legally and factually entitled to fees, this Court is unable to make such an award since no additional facts or testimony can be cited to support same.” The trial court was unable to discern a basis in the record of the proceeding for the fee awards and, despite our citation to Dhondy, concluded that it could not consider additional evidence. However, this court’s remand permitted the court to conduct an evidentiary hearing. As the trial court was unaware that it had the discretion on remand to consider additional evidence, we reverse the order and remand for an evidentiary hearing on the amount of fees earned by the trustees and their attorney.
Reversed and remanded for an eviden-tiary hearing.