860 So.2d 472 (2003)
CHASE BANK OF TEXAS NATIONAL ASSOCIATION f/k/a Texas Commerce Bank National Association f/k/a Ameritrust of Texas National Association, Appellant,
v.
STATE of Florida, DEPARTMENT OF INSURANCE, as Receiver of Western Star Insurance Company, Ltd., Appellee.
No. 03-1005.
District Court of Appeal of Florida, First District.
November 6, 2003.
Rehearing Denied December 8, 2003.
*473 D. Lloyd Monroe, IV of Coppins & Monroe, Tallahassee.
John W. Frost, II, of Frost, Tamayo, Sessums & Aranda, Bartow.
PADOVANO, J.
Chase Bank of Texas seeks a writ of prohibition to prevent the trial court from entertaining a claim made against it by the Florida Department of Insurance in a proceeding to liquidate the Western Star Insurance Company. The question presented is whether the "Insurers Rehabilitation and Liquidation Act" confers jurisdiction on the circuit court to consider an action by the receiver to recover damages against a third-party, in this case the trustee of the insolvent insurance company. We conclude that the Act authorizes the circuit court to exercise jurisdiction over a third-party claim in an insurance liquidation proceeding and we therefore deny the petition for writ of prohibition.
Western Star, an insurance company based in Antigua, maintained an office in the State of Florida and sold surplus line insurance in the United States, primarily in the State of California. The company was not officially admitted as an insurance company in California but conducted business there under the assumption that it could do so unless the state issued a cease and desist order.
In 1992, California passed a law requiring alien surplus line insurers to establish a trust containing at least $5.4 million to create a readily available pool of assets for the payment of claims. Pursuant to the requirements of this law, Western Star entered into a trust agreement with Ameritrust of Texas National Association in February 1993. The trust was funded with a $5.4 million certificate of deposit issued to Western Star by the First Asia Development Bank of the Republic of Vanuatu, a country in the Pacific Islands. By the terms of the trust agreement, Ameritrust was to hold the certificate for the benefit of Western Star's policyholders and creditors. Through a series of acquisitions, Ameritrust later became the Texas Commerce Bank and then the Chase Bank of Texas.
The certificate of deposit purports to represent funds available to Western Star in the First Asia Development Bank, but, in fact, Western Star did not own the funds. The certificate was purchased with funds that had been "rented" from another foreign corporation, presumably to create the impression that Western Star was financially secure. Ameritrust had the certificate of deposit in its possession, but it never had access to the funds or to any collateral. Western Star collected premiums from policyholders but could not pay the insurance claims.
In September 1993, the Texas Commerce Bank, which had by then acquired Ameritrust, initiated a declaratory judgment action in the United States District Court for the Northern District of Texas, seeking to resign from its duties as trustee and to interplead the certificate of deposit. The Florida Department of Insurance was allowed to intervene and offered to serve as substitute trustee.
In the course of this proceeding, counsel for Western Star informed the court that *474 the certificate of deposit had been cancelled and that First Asia was no longer in business. When it became apparent that the certificate of deposit was worthless and that the trustee could not recover the funds it represented, the court dismissed the interpleader action as moot. The court allowed Texas Commerce to resign but did not relieve it from any liability it may have incurred during the time it had served as trustee.
Following the dismissal of the interpleader action, the Department initiated a liquidation proceeding in Florida. Western Star was declared insolvent, and the Department was appointed as the receiver on June 14, 1994. The Department demanded that Texas Commerce Bank turn over all assets held under the trust and asserted a claim against Texas Commerce for fraud on behalf of Western Star's policyholders. Circuit Judge Ted Steinmeyer dismissed the claim for lack of subject matter jurisdiction and informed the Department that the claim could be asserted in an independent action. This order was not appealed.
Texas Commerce Bank sought summary judgment on the request for a turnover of the certificate of deposit. Circuit Judge Terry Lewis granted summary judgment on the ground that Texas Commerce did not have any property belonging to Western Star to turn over to the Department. The Department argued that Texas Commerce should be estopped from denying that it has assets, because it had participated in Western Star's fraudulent scheme, but Judge Lewis concluded that the Department's claim was not within the purview of a turnover claim under Chapter 631, Florida Statutes. The Department appealed and this court affirmed without a written opinion.[1]
Subsequently, the Department asserted a claim of fraud against the trustee on behalf of Western Star policyholders in the United States District Court for the Northern District of Texas. This action was against the appellant, Chase Bank of Texas, which by then had acquired Texas Commerce Bank. The Department sought to hold Chase responsible for actions in the Western Star insurance scheme. Chase prevailed on a motion for summary judgment, and the order of the district court was affirmed by the Fifth Circuit Court of Appeals.
The Fifth Circuit concluded the Department lacked standing to assert claims in federal court on behalf of Western Star's policyholders. See Fla. Dep't of Ins. v. Chase Bank of Texas Nat'l Ass'n, 274 F.3d 924 (5th Cir.2001). The court noted that the policyholders had not assigned their fraud claims to the Department, nor had they designated the Department as their agent. Additionally, the court concluded that Chapter 631, Florida Statutes, as it existed in 1996, did not authorize the Department to serve as the representative of a third party. Instead, the law simply authorized the Department to take immediate possession of the insolvent insurer's property and marshal all of the insurer's assets.
In 2002, the Florida Legislature revised Chapter 631, Florida Statutes, to expand the Department's authority to pursue claims relating to an insurance liquidation proceeding. With the advent of this new legislation, the Department turned its attention once again to the liquidation proceeding in the circuit court. On July 24, 2002, the Department filed a revised demand notice, seeking damages against Chase on behalf of Western Star's policyholders.
*475 The Department alleged that Chase was liable by the terms of the trust agreement to those who had made claims against Western Star. In particular, the revised demand notice states that Chase's predecessor, Ameritrust, accepted the certificate of deposit knowing that Western Star did not own the funds, and that Ameritrust subsequently concealed this fact. Additionally, the revised demand notice states that Ameritrust knew the funds had been "rented" for the purpose of enhancing Western Star's credit.
Chase filed a motion for summary judgment on the claims asserted in the revised demand notice, contending that the circuit court lacked subject matter jurisdiction. Judge Kevin Davey, who had been assigned to the case by this time, concluded that the 2002 amendments to Chapter 631 conferred jurisdiction on the circuit court to entertain the Department's claims on behalf of Western Star's policyholders. Judge Davey entered an order on March 4, 2003, denying the motion for summary judgment, and that order has become the subject of the present petition for writ of prohibition.
This court has jurisdiction under Article V, Section 4(b)(3) of the Florida Constitution. Chase argued that the trial court lacked subject matter jurisdiction to adjudicate the Department's third-party claims, and the trial judge disagreed. Prohibition is the proper remedy to prevent an improper exercise of judicial power. See Peltz v. District Court of Appeal, Third District, 605 So.2d 865, 866 (Fla. 1992). If Chase is correct, the trial court is exercising power over claims that are not within its jurisdiction, and prohibition is the proper remedy.
The question presented by the petition is a question of law. Whether the circuit court has subject matter jurisdiction depends on the correctness of the court's interpretation of various provisions of Chapter 631, Florida Statutes. Assuming the facts are not in disputeand in this case they are notan order on a motion for summary judgment is subject to the de novo standard of review. See Major League Baseball v. Morsani, 790 So.2d 1071, 1074 (Fla.2001); Menendez v. Palms West Condo. Ass'n, 736 So.2d 58, 60-61 (Fla. 1st DCA 1999). Consequently, we are free to review the order at issue in this case de novo.
We begin our review on the merits with a statement of basic principles relating to the jurisdiction of the trial court. The power of a court to consider a particular kind of claim is known as subject matter jurisdiction. It can be derived directly from the constitution but more often it is created by legislation authorized by the constitution. Seventy-six years ago, the Florida Supreme Court defined subject matter jurisdiction as "the power of the court to deal with the class of cases to which the particular case belongs." Lovett v. Lovett, 93 Fla. 611, 112 So. 768, 775 (Fla.1927). Since then, the court has consistently employed the same definition. See Paulucci v. Gen. Dynamics Corp., 842 So.2d 797, 800 n. 3 (Fla.2003); Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179, 181 (Fla.1994).
This definition recognizes that subject matter jurisdiction is a broad concept. If a statute provides that the circuit court has jurisdiction to hear probate cases, it is not necessary to specify that the court has the power to consider every kind of probate case or every possible kind of litigation that might be necessary in the context of a probate proceeding. As its name implies, subject matter jurisdiction is determined by the subject of the case, not the details.
*476 The concept applies in the same way in insurance delinquency proceedings. As we stated in Provident Capital Indemnity, Ltd. v. Department of Insurance, 677 So.2d 363, 364 (Fla. 1st DCA 1996), subject matter jurisdiction is "the power lawfully conferred to deal with the general subject involved in the action." (emphasis added). There, we held that the circuit court continued to have subject matter jurisdiction over an insurance delinquency proceeding against an alien insurer, even though we had previously held that the Department of Insurance lacked authority to seek liquidation of the insurer. Subject matter jurisdiction is not, as we noted in Provident Capital, a "narrow concept." Id. at 364.
Section 631.021(1), Florida Statutes provides that "[t]he circuit court shall have original jurisdiction of any delinquency proceeding under this chapter...." This simple declarative sentence provides the answer to the question we have been asked to address. The circuit court has jurisdiction. Whether it is proper to assert a certain kind of claim within the context of a delinquency proceeding is another matter. It may be that the Department of Insurance lacks standing to bring certain claims that would otherwise restore the financial condition of the insolvent insurer, but that is a question of authority, not jurisdiction.
Although this case has a long history, there is nothing in any of the prior court rulings that prevents us from reaching this conclusion. Neither of the federal cases produced a ruling on the merits of the issue. In the declaratory judgment and interpleader action, the court held that Ameritrust could resign as trustee and that there was no longer a need for an interpleader. While the claims at issue here were asserted in a subsequent federal court lawsuit in Texas, the court merely determined in that case that the Department lacked standing to bring the claims in federal court. As the court explained, "[o]ur holding today does not demonstrate the absence of a remedy in this type of case." Chase Bank of Texas, 274 F.3d 924 at 936.
Judge Steinmeyer's order dismissing the claims does address the merits of the issue raised here, but it was not appealed, and we are not required to accept it now. The law of the case is established by a judgment of the appellate court, not a trial court. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Westwind Transp. Co., 442 So.2d 414 (Fla. 2d DCA 1983). Furthermore, this order does not serve as a bar to subsequent litigation under the doctrine of res judicata, because the court merely dismissed the Department's claims without prejudice.
Judge Lewis' order was affirmed by this court and, although it would be the law of the case, it does not deal with the issue presented here. The issue adjudicated by the order was whether Chase was required to turn over assets, not whether the Department could assert third-party claims in the context of an insurance liquidation. The Department had claimed that Chase should be estopped by its fraudulent conduct from claiming that it does not have possession of the funds to be turned over to the receiver. Judge Lewis did mention that the fraud claim underlying the defense of estoppel should be litigated in a separate forum, but he did not adjudicate a claim of fraud or, for that matter, any claim for affirmative relief. He merely rejected the defense of estoppel in the context of the turnover proceeding. Chase contends that section 631.021, Florida Statutes, does not confer jurisdiction on the circuit court to hear third-party claims such as these, because the statute states that "[a]ny delinquency proceeding in this chapter is in equity." As Chase points *477 out, actions against the trustee for fraud and breach of the trust agreement are actions at law. This argument is without merit, as the Florida courts have abolished the distinction between law and equity. See Fla. R. Civ. P. 1.040.
Another serious flaw in the argument is that it confuses jurisdiction with remedies. It may well be that the remedy afforded in an insurance liquidation proceeding is an equitable remedy, but that does not necessarily mean that the court would be without jurisdiction to hear a related claim within the proceeding merely because it is characterized as a claim at law. We would not say that a court lacks jurisdiction to hear a counterclaim for damages merely because the main action was a complaint for injunctive relief. For the same reason, it would be illogical to hold that the court lacks jurisdiction to hear a claim for damages in the context of an insurance liquidation proceeding merely because the proceeding itself has been characterized as one in equity.
If Chase were correct on this point, the circuit court would have no power to entertain a claim by the receiver to collect a debt owed to an insolvent insurance company, because it would be a claim at law. Yet even before the 2002 amendment, the statute provided that the court could resolve a claim such as this in a delinquency proceeding. See § 631.154, Fla. Stat. (2001). The fact that the liquidation proceeding is characterized as equitable does not mean that all of the various claims and defenses asserted within the proceeding must also be equitable.
It has been the case all along that the circuit court has jurisdiction to hear a claim on behalf of a receiver, but if there was ever any doubt about that point, it was removed by the 2002 amendments to the statute. The section dealing with liquidation of domestic and alien insurers provides in material part:
631.141 Conduct of delinquency proceeding; domestic and alien insurers.
* * *
(6) The department may assert all rights belonging to third parties, including, but not limited to, policyholders, creditors, and other claimants, except to the extent an individual claim is personal and unique to the claimant and could not inure to the benefit of the estate or to policyholders, creditors, or other claimants.
§ 631.141(6), Fla. Stat. (2002). As we have previously explained, the circuit court has jurisdiction over the entire liquidation proceeding under section 631.021, Florida Statutes. A claim made by the receiver on behalf of a third party is among the kinds of claims the court may consider under section 631.141 in the course of the liquidation proceeding.
Chase argues that section 631.141 does not establish jurisdiction, but that it merely grants the receiver authority to file suit on behalf of a third party. This argument is refuted by the language of the statute. Section 631.141 is titled "Conduct of delinquency proceeding." This plainly signifies that the claims referred to in subsection (6) are to be filed under the umbrella of the delinquency proceeding, and not as if they were separate lawsuits. The point of this legislation is clear. If the receiver is successful in pursuing a claim on behalf of a third party, the money recovered will become a part of the estate of the insolvent insurer and it will be used to pay claims against the insurer.
The argument that the statute merely grants the receiver authority to sue on behalf of a third party appears to be based on a very narrow view of subject matter jurisdiction. An insurance liquidation is *478 not a monolithic proceeding like a criminal case or an individual civil action. Rather, it is a comprehensive proceeding that may include within its scope a cluster of different claims, much like the administration of a large estate. The legislature has said that the receiver may assert a claim on behalf of a third party in a liquidation proceeding. It was not necessary, in our view, for the legislature to also say that the court has jurisdiction to hear the claim. The court has jurisdiction over the entire proceeding in which the claim will be litigated.
For these reasons, we conclude that the circuit court has jurisdiction to adjudicate claims made by the Department on behalf of Western Star's policyholders and other third parties. Chase has made several other challenges to the order. We have not addressed all of the arguments here, but we have considered all of them carefully and we conclude that there is no basis to grant relief from the order.
Prohibition denied.
WEBSTER, J., CONCURS. POLSTON, J., CONCURS IN RESULT ONLY.
NOTES
[1] See Fla. Dep't of Ins. v. Texas Commerce Bank, 744 So.2d 992 (Fla. 1st DCA 1999).