SHEPHERD J.,
dissenting.
Respectfully, there is no principled reason to excuse G4S Secure Solutions USA, Inc., from responsibility for the invasion of privacy Taliya Golzar suffered in this case at the hands of one of its employees. The Florida Supreme Court has long acknowledged that the impact rule “generally is inapplicable to recognized torts in which damages are often predominantly emotional.” Kush v. Lloyd, 616 So.2d 416, 422 (Fla.1992). Included early on among those exceptions were “emotional distress damages for torts such as invasion of privacy.” Gracey v. Eaker, 837 So.2d 348, 366 (Fla. 2002) (citing Kush at 422-23). Taliya suffered an invasion of her privacy in this case. G4S had a “special professional duty” to each resident of the gated community which it was engaged to protect. See Rowell v. Holt, 860 So.2d 474, 479 (Fla.2003) (holding that a public defender owed a special professional duty to a client who had been unlawfully detained to obtain his immediate release). It was foreseeable that a security guard who had once been a Peeping Tom would engage in such conduct again. None of the legal or historically advanced policy reasons for the application of the impact rule are served by denying Taliya recovery from G4S in this case. Let me explain.
A
This is a simple negligence case. After the evidence was adduced by the parties at trial, the only viable count remaining at the close of the evidence was the negligent hiring count.[6] It is true that our High Court has not yet approved recovery of damages in a claim for psychological trauma alone where the proximate cause of the injury was negligent hiring. The fact connotes only that such a case has not come before the Court. However, our High Court has approved the recovery of compensatory damages in a wide variety of other types of simple negligence cases where, as in the case before us, the only injury claimed was psychological trauma. See Fla. Dep’t of Corr. v. Abril, 969 So.2d 201, 204 (Fla.2007) (holding the impact rule was inapplicable in an action for negligent failure of a testing laboratory to ensure confidentiality and privacy of HIV test results); see also Holt, 850 So.2d at 481 (holding the impact rule was inapplicable to a legal malpractice case against the Office of Public Defender for failure to obtain immediate release of imprisoned client); Gracey, 837 So.2d at 352-53 (holding the impact rule was inapplicable in a negligence action against a psychotherapist, alleging breach of fiduciary and statutory duty of confidentiality to patient); Hagan v. Coca-Cola Bottling Co., 804 So.2d 1234, 1236 (Fla.2001) (creating an exception for ingestion of a contaminated food or beverage); Tanner v. Hartog, 696 So.2d 705, 708 (Fla.1997) (holding the impact rule was inapplicable to a claim of negligent stillbirth); Gonzalez v. Metro. Dade Cty. Pub. Health Trust, 651 So.2d 673 (Fla.1995) (creating an exception for negligent handling of a corpse); Kush, 616 So.2d at 423 (holding the impact rule was inapplicable to a parent’s claim for wrongful birth of their severely deformed child).
*212 These cases establish a strong prece-dential authority for an exception in this case. All of them are cases in which the only injury suffered by the plaintiff was emotional. So it is here. At the time of the incident, Taliya was a minor who lived with her parents in Old Cutler Bay, an exclusive waterfront community located in Miami-Dade County. Years before this incident, Miami-Dade County formed Old Cutler Bay into a Security Guard Special Taxing District and contracted with G4S to provide security service.[7] It is not disputable that G4S owed a duty to Taliya and her family to protect them from unwanted intruders and criminals who might wish to do harm to them or their property. They paid for the service. G4S’ employee, Eric Michael Owens, perpetrated a crime on Taliya. He was convicted of two counts of video voyeurism, precisely what G4S was hired to prevent.[8]
The principal retort from the majority to this factual syllogism and mountain of supporting authority is: “[Well], we have been provided no Florida case in which a court has refused to apply the impact rule to claims of negligent hiring, negligent retention and negligent supervision.” Of course not. The reason is that the Florida Supreme Court has proceeded in this area on an ad hoc, “case-by-case basis.” Abril, 884 So.2d at 210 (“In short, the reach of the rule has been reduced on an ad hoc basis as the court has weighed the merits of applying or not applying the rule to particular circumstances.”).[9] I can appreciate the majority’s reticence to go where our Supreme Court has not yet gone. In one respect, we are being asked to divine what the Florida Supreme Court would do if presented with the facts of our case. However, ours is an independent constitutional court, and we have a judicial responsibility to decide. See Ard v. Ard, 395 So.2d 586, 587-88 (Fla. 1st DCA 1981) (concluding that a district could not “avoid judicial responsibility” to determine whether the relationship between spousal immunity from suit, as recognized by the Florida Supreme Court, and parental immunity from suit, where the Florida Supreme Court had only acknowledged the latter by dictum). I would draw on the guidance we have and affirm the jury verdict on liability in this case.

*213
B.

Because I would affirm the jury verdict on liability in this case, I must address G4S’ alternate argument on appeal that it is entitled to a new trial on compensatory damages or a remittitur of the award. Here, some chronology is important.
G4S timely served its Motion to Set Aside the Jury Verdict and Judgment and to Enter Judgment in Accordance with the Motion for Directed Verdict[10] or, Alternative Motion for New Trial on May 29, 2014, fifteen days after the jury returned its verdict in this case. See Fla. R. Civ. P. 1.530(b). G4S’ Alternative Motion for New Trial did not include a request to the trial court to consider ordering a remittitur or a new trial under section 768.74 of the Florida Statutes (2014), on the ground that the verdict was “excessive.” See § 768.74(1)-(5). Nor did the Alternative Motion for New Trial seek relief on any of the longstanding common law grounds that “the verdict shocks the judicial conscience,” “the jury [was] unduly influenced by passion or prejudice,” or that the verdict was “contrary to the manifest weight of the evidence.” See Brown v. Estate of Stuckey, 749 So.2d 490, 498 (Fla.1999). Instead, G4S’ Alternative Motion for a New Trial articulated two very specific “reasons” upon which it argued “the Court should grant the Defendant a new trial ...: (1) the issue of punitive damages was improperly submitted to the jury, and (2) the statements from the website of Defendant’s sister company, G4S Compliance and Investigations ..., as well as a document labeled Wackenhut Screening Solutions’ (‘collectively Website Statements’) should have been excluded.” .(Emphasis added.) It was these two specific “errors” which G4S claimed “prejudiced” it and caused “a grossly excessive damage award”
Sixty-three days later, on July 31, 2014, G4S launched an effort to expand the reasons it had earlier stated as the grounds for a new trial, first by -serving a Motion for Leave to Amend Its Alterative Motion for New Trial, and five days after that, an Amended Motion for Leave to Amend Its Alternative Motion for New Trial. G4S’ Motion for Leave to Amend sought only to “add a request for remittitur” to its presently pending motion, citing for the first time to section 768.74, which authorizes such a motion. G4S’ Amended Motion for Leave to Amend sought to expand the scope of the original Alternative Motion for New Trial even further beyond the two specific “errors” originally asserted by invoking the remaining subsections of section 768.74, making for the first time, the general allegation that the “verdict is excessive based upon the evidence adduced at trial.” Attached to G4S’ Amended Motion for Leave to Amend was a proposed, restated Motion to Set Aside the Jury Verdict and Judgment and to Enter judgment in Accordance with the Motion for Directed Verdict or, Alternative Motion for New Trial, which recited every section of its original motion en haec verba, but now included a brand new six-page subsection III.A., seeking both remittitur and making a full-throated argument for new trial on all of the grounds that it had omitted from its original motion. The conclusion to the restated motion acknowledged that these new grounds were, in fact, “additional reasons” for granting a new trial. After reviewing Taliya’s response to the three motions, including her objection to the motions to amend on the ground of timeliness, the trial court denied all of G4S’ post-trial motions.
With respect to the two motions to amend G4S’ timely served Alterative Motion for New Trial, I believe the trial court *214 was well within its discretion to deny the motions on timeliness grounds as urged by Taliya. A motion for remittitur under section 768.74 is “ ‘essentially a conditional motion for a new trial.’ ” See Hauss v. Waxman, 866 So.2d 768, 759 (Fla. 4th DCA 2004) (quoting Fire & Cas. Ins. Co. of Conn. v. Sealey, 810 So.2d 988, 991 (Fla. 1st DCA 2002)). Because a motion for remittitur is a conditional motion for new trial, it is subject to Florida Rule of Civil Procedure 1.530(b) and the motion must be filed within fifteen days after the jury renders the verdict. The motions in this case were served eighty-three and seventy-eight days respectively, after the jury returned its verdict.
The test for determining whether the trial court abused its discretion in denying these two motions is well established:
Discretion, in this sense, is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by thé trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.
Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980) (quoting Delno v. Market Street Railway Company, 124 F.2d 965, 967 (9th Cir.1942)).
In analyzing this issue, it is important to separate the timeliness objection raised by Taliya in opposition to the two motions from the merits of the motions. If the trial judge properly exercised his discretion in denying the motions to amend on timeliness grounds, then it is not necessary to reach the merits of the arguments made in the motions. In my view, it is not necessary to reach the merits of the motions. A careful study of G4S’s Alternative Motion for a New Trial and proposed amendments allow but one inference: G4S was purposefully and discreetly seeking to add grounds to its Alternative Motion for New Trial that it had previously overlooked. Taliya called G4S on the tactic in her response to the post-trial motions. The trial judge expressly acknowledged the response in his order denying G4S’ post-trial motions. I do not believe it can be said that the trial court acted “arbitrarily, fancifully or unreasonably” in denying the late filed motions. See Cana-karis at 1203 (“If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.”).,
As to the narrow grounds that were set forth in G4S’ timely filed Alternative Motion for New Trial, I have no difficulty concluding that the trial judge properly exercised his discretion in denying the motion for new trial made on those grounds. The extensiveness of the two motions to amend suggests that G4S itself recognized the inadequacy of its own timely filed motion.
CONCLUSION
The impact rule serves the salutary purpose of limiting recovery for emotional damages “where we are most comfortable that real emotional distress has occurred.” Abril, 969 So.2d at 212. In this case, however, the majority creates an artificial impact rule limitation on a claimant’s ability to obtain redress from the entity that put in motion the instrument of a harm which has been long recognized as being compensable in our courts. I see no principled reason to apply the impact rule to the facts of this case.

. The majority accurately depicts the differences between negligent hiring, negligent supervision and negligent retention claims in footnote 4. The trial court directed a verdict in favor of G4S on the negligent supervision claim during trial. Taliya has not cross-appealed that ruling.

. There are twenty such similar Security Guard Special Taxing Districts in the County, most also consisting of exclusive waterfront communities. The purpose of the special district is to share the cost for the provision of security services in the respective communities. See https://www.miamidade.gov/parks/ library/notices/special-taxing-district-security-guards.pdf (last visited June 25, 2016).

. Under Florida law,
A person commits the offense of video voyeurism if that person:
(a) For his or her own amusement, entertainment, sexual arousal, gratification, or profit, or for the purpose of degrading or abusing another person, intentionally uses or installs an imaging device to secretly view, broadcast, or record a person, without that person’s knowledge and consent, who is dressing, undressing, or privately exposing the body, at a place and time when that person has a reasonable expectation of privacy.
§ 810.145(2)(a), Fla. Stat. (2012).

.The majority draws our attention to four United States District Court cases in which the courts applied the impact rule to prohibit recovery for either negligent retention or supervision of an employee. See Maj. Op. at p. 208. However, most of them pre-date the more recent expansions of the rule cited here, and, of course, they are not binding on us. I also find puzzling the majority’s assertion at page 10 that because emotional distress damages are “[not] the only reasonably foreseeable damages from any negligent hiring, negligent retention, and negligent supervision tort,” that such a claim is barred when the harm is of a type not typically accompanied by a physical impact, such as is the case here. This would seem to be a non-sequitur.

. These portions of the motion all relate to the impact rule- issue previously addressed.